UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSIUS ASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00693-TWP-MPB |
| | ) |
| STATE OF INDIANA, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING THE COMPLAINT,
GRANTING MOTION TO AMEND,
AND DIRECTING FILING OF TRUST ACCOUNT STATEMENT**

Plaintiff Cassius Ash, an inmate at Marion County Jail II, initiated this lawsuit by filing a complaint. Because Mr. Ash is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. For the reasons explained below, the complaint is dismissed for failure to state a claim upon which relief may be granted and Mr. Ash may file an amended complaint. Mr. Ash is also directed to file a copy of his inmate trust account statement.

**II. SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.  THE COMPLAINT

The complaint names the following defendants: The State of Indiana, Westville Correctional Facility, Daevida Ash, and John the owner of Liquorland. Mr. Ash is seeking an award of damages. The complaint states that Mr. Ash is serving an executed sentence at Westville Correctional Facility. His incarceration has caused him to lose his social security disability insurance benefits. His son appears to be under the care of Daevida Ash, who allegedly works for John at Liquorland and has a substance abuse problem.

## III.  DISCUSSION

The complaint does not state a claim upon which relief may be granted. The Eleventh Amendment bars claims against the State of Indiana. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Westville Correctional Facility is not a suable entity under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Finally, the complaint does not allege that Daevida Ash or John, the owner of Liquorland, has violated federal law. Accordingly, the complaint is **dismissed for failure to state a claim**.

## IV.  OPPORTUNITY TO AMEND

To avoid dismissal of the action, Mr. Ash may file an amended complaint by **June 25, 2021**. The amended complaint must bear the correct case number, 1:21-cv-00693-TWP-MPB, and the words "Amended Complaint." The amended complaint will completely replace the original. Accordingly, the plaintiff's motion to add defendants, dkt [5], is **granted.** The amended complaint must set forth all defendants, claims, and allegations Mr. Ash wishes to present. The failure to file

a timely amended complaint will result in the dismissal of the action without further warning or ability to show cause.

The **clerk is directed** to send Mr. Ash a copy of the Court's *pro se* complaint form.

## V. MOTION TO PROCEED *IN FORMA PAUPERIS*

Mr. Ash has filed a motion to proceed *in forma pauperis*. The Court previously instructed him to submit a copy of the transactions associated with his inmate trust account for the six months preceding this action. (Dkt. 8). Mr. Ash has filed a document that purports to provide this information, but the document is blank. (Dkt. 9-1). Mr. Ash has through **June 25, 2021**, to submit his trust account information. The failure to meet this deadline will result in the dismissal of the action without further warning or ability to show cause.

**IT IS SO ORDERED**.

Date:   6/4/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CASSIUS ASH
629535
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202

3